FILED
SEP - 2 2015
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRANT F. SMITH, *PRO SE*

4101 Davis PL NW #2, Washington, D.C. 20007

202-342-7325

Plaintiff,

Case: 1:15-cv-01431
Assigned To : Chutkan, Tanya S.
Assign. Date : 9/2/2015
Description: FOIA/Privacy Act (I Deck)

v.

CENTRAL INTELLIGENCE AGENCY

Washington, D.C. 20505

703-613-1287

Defendant.

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of the Central Intelligence Agency (CIA) intelligence budget that pertains to line items supporting Israel for the years 1990-2015 which the Defendant Central Intelligence Agency has improperly withheld from the Plaintiff.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. The Plaintiff has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by Defendant of said right.



RECEIVED
SEP - 2 2015
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

4. Plaintiff, Grant F. Smith, is an author and public interest researcher and founder of the Institute for Research: Middle Eastern Policy, Inc. (IRmep) and is the requester of the records which Defendant is now withholding. Smith's FOIA, mandatory declassification review (MDR) and Interagency Security Classification Appeals Panel (ISCAP) generated releases, research and analysis have been published in *The Washington Report on Middle East Affairs*, *The Wall Street Journal*, *Antiwar.com*, *The Washington Examiner*, *Mint Press News*, *LobeLog*, the *Bulletin of the Atomic Scientists*,[1] *Military.com, The Jewish Daily Forward, Business Insider, Mondoweiss.net* and *Courthouse News Service*. They have been carried on broadcast outlets such as C-SPAN, public and commercial U.S. radio stations as well as foreign outlets like the BBC and RT. Plaintiff originally requested this information for use in vital public interest research into how nuclear weapons related know-how, material and technology have been unlawfully diverted into Israeli entities conducting clandestine nuclear weapons-related research and development, undermining the Nuclear Non-Proliferation Treaty, and how the Symington and Glenn Amendments to the 1961 US Foreign Assistance Act are violated by ongoing U.S. foreign assistance to Israel. He is the author of the 2012 book *Divert! NUMEC, Zalman Shapiro and the Diversion of US. Weapons-Grade Uranium into the Israeli Nuclear Weapons Program*.

5. In 1996 Congressional testimony by then-Director of Central Intelligence John Deutch testified that "the President is persuaded that disclosure of the annual amount

[1] "Did Israel steal bomb-grade uranium from the United States?" Victor Gilinsky and Roger J. Mattson, Bulletin of the Atomic Scientists, April 17, 2014 http://thebulletin.org/did-israel-steal-bomb-grade-uranium-united-states7056

appropriated for intelligence purposes will inform the public and not, in itself, harm intelligence activities."

6. U.S. provides more foreign assistance to Israel than any other country. However only some of this massive assistance is publicly disclosed in reports to Congress and U.S. taxpayers.

7. Elected officials claim the amount of aid the U.S. provides Israel in terms of intelligence services is enormous, however taxpayers have never been allowed to review the dollar amounts over time.

8. Taxpayers cannot assess whether such assistance is well-spent and moderated or withheld in response to Israel's active ongoing espionage penetration of the United States for defense, economic, diplomatic and political intelligence, or ongoing promotion of illegal land seizures which are against longstanding U.S. foreign policy. In 2007 Israel was designated as a top espionage threat against the U.S. government according to the National Security Agency (NSA).[2]

9. Americans also cannot determine how many of their own tax dollars may be funding violations of their right to privacy. According to released NSA files, under an agreement the United States shares raw intelligence with Israel without proper minimization of "intercepted communications likely to contain phone calls and emails of American

---

[2] Israel Flagged as Top Spy Threat to U.S. in New Snowden/NSA Document, Jeff Stein, Newsweek, August 4, 2014

citizens. The agreement places no legally binding limits on the use of the data by the Israelis."[3]

10. Precedents for disclosing CIA intelligence budgets to the American people are well-established. In *FAS v. CIA*,[4] the CIA was compelled to release its total intelligence budget after it was determined that the release would "not harm national security or otherwise harm intelligence sources and methods."[5]

11. According to public opinion polls, the majority of Americans (60.7 percent) believe the United States provides "much too much" or "too much" foreign assistance to Israel, the lead recipient.[6]

12. The Symington and Glenn amendments to the 1961 Foreign Assistance Act laws prohibit US foreign aid to any country found trafficking in nuclear weapons technology outside the Nuclear Non-Proliferation Treaty.[7]

13. In a special National Intelligence Estimate, the CIA claimed, "We believe that Israel already has produced nuclear weapons."[8] Israel is known by the Department of Defense to have nuclear weapons infrastructure similar to that of the United States.[9]

---

[3] "NSA Shares raw intelligence including American's data with Israel" Greenwald, Glenn, The Guardian, September 11, 2013

[4] 1:97CV01096, 1998

[5] CIA Discloses FY 1998 Intelligence Budget Total. Federation of American Scientists. http://www.fas.org/sgp/foia/intel98.html

[6] Six in Ten Americans Say U.S. Gives "Too Much" Aid to Israel, Washington Report on Middle East Affairs, November/December 2014, pp. 32-33

[7] "Israeli Nukes, US Foreign Aid and the Symington Amendment," http://www.irmep.org/ILA/nukes/default.asp

[8] "Special National Intelligence Estimate: Prospects for Further Proliferation of Nuclear Weapons" National Security Archive, http://nsarchive.gwu.edu/NSAEBB/NSAEBB240/snie.pdf

[9] "Israel allowed for the release of a document detailing past nuclear weapons work." *The Jerusalem Post*, March 28, 2015

14. However, the Symington and Glenn Amendments are not enforced. There have neither been cutoffs of unclassified foreign aid nor has the president publicly executed waivers to allow aid continuance as allowed under the laws.

15. It is not known whether Symington and Glenn Amendment compliance has affected classified intelligence aid because the Defendant has never released such budgetary information. Americans are thus kept in the dark about how much total foreign aid to Israel costs taxpayers.

16. Secrecy about actual total U.S. aid to Israel undermines knowledge of the function of government and voter ability to advise and consent.

17. Secrecy about actual total U.S. aid to Israel undermines news reporting about the gap between public opinion and actual U.S. policy on foreign aid.

18. Secrecy about true levels of U.S. intelligence aid to Israel appear to aid and abet violations of the U.S. Foreign Assistance Act.

19. Classifying or withholding information to conceal violations of the law is forbidden.

20. Under Executive Order 13526 §3.1 it has been determined " (a) that documents may not be classified in order to (1) conceal violations of law, inefficiency or administrative error; (2) prevent embarrassment to a person, organization or agency; (3) restrain competition; or (4) prevent or delay the release of information that does not require protection in the interest of national security."

21. Quashing warranted public disclosure and informed debate through spurious claims of secrecy undermines governance in the United States and the spirit of FOIA as

reiterated by President Obama upon entering office, "The Freedom of Information Act should be administered with a clear presumption. In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. In responding to requests under the FOIA, executive branch agencies (agencies) should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public."[10]

22. On March 3, 2015 the Plaintiff filed a Freedom of Information Act request for CIA's "Intelligence Support to Israel Budget 1990-2015." (Exhibit 1)

23. On April 15, 2015 the Defendant confirmed receipt of the Plaintiff's FOIA request and assigned it reference number F-2015-01330. (Exhibit 2)

24. On April 15, 2015 the Defendant issued a "Glomar" response that "CIA can neither confirm nor deny the existence or non-existence of records responsive to your request." (Exhibit 2)

25. The fact that the United States provides huge amounts of intelligence support to Israel is indisputable, long in the public domain and frequently mentioned by members of Congress, and President and high level officials of federal agencies.

26. During his August address to American University about the need to ratify an

---

[10] White House Memorandum on FOIA, January 21, 2009, http://www.whitehouse.gov/the_press_office/Freedom_of_Information_Act

international agreement over the Iranian nuclear program, President Barack Obama stated, "But the fact is, partly due to American military and intelligence assistance, which my administration has provided at unprecedented levels, Israel can defend itself against any conventional danger— whether from Iran directly or from its proxies."[11]

27. On May 5, 2015 the Plaintiff appealed the Defendant's denial of his FOIA, specifically detailing how increased transparency about intelligence expenditures is essential to American democracy and public evaluation of whether taxpayer dollars are being wisely spent. (Exhibit 3)

28. On May 15, 2015 the Defendant acknowledged receipt of the Plaintiff's May 5, 2015 appeal. (Exhibit 4).

29. The Defendant had 20 working days to respond to the Plaintiff's appeal under CIA's Sec. 1900.42 e. Right of appeal and appeal procedures.

30. The Defendant was required under 32 CFR 1900.33 and 1900.42 e. to inform the requester of the right to judicial review if it requested additional time, but failed to do so.

31. The 20 working day time limit the Defendant had to respond to the Plaintiff's appeal expired on June 12, 2015.

32. Given the high importance of the request, public interest and due to the Defendant's failure to respond to his appeal in compliance with the applicable statutes, Plaintiff hereby seeks judicial review.

---

[11] Remarks by the President on the Iran Nuclear Deal, American University, August 5, 2015 https://www.whitehouse.gov/the-press-office/2015/08/05/remarks-president-iran-nuclear-deal

WHEREFORE, Plaintiff requests this Court:

(1) Declare the Defendant's failure to comply with FOIA to be unlawful;

(2) Order the Central Intelligence Agency to disclose the requested records in their entirety and make copies promptly available to him;

(3) Award Plaintiff costs in this action, as provided in 5 U.S.C. § 552(a)(4)(E);

(4) Award attorney's fees if such assistance is later engaged in this action as provided in 5 U.S.C. §552(a)(4)(E) and

(5) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

Grant F. Smith, *Pro Se*
4101 Davis PL NW #2
Washington, DC 20007
gsmith@IRmep.org
(202) 342-7325

Dated: September 2, 2015

Exhibit List

Exhibit 1: Freedom of Information Act Request to CIA for "Intelligence Support to Israel Budget 1990-2015" — March 3, 2015

Exhibit 2: Freedom of Information Act confirmation from CIA — April 15, 2015

Exhibit 3: Freedom of Information Act appeal to the CIA — May 5, 2015

Exhibit 4: CIA acknowledgement of appeal — May 15, 2015

# Exhibit 1

**IRmep**
**Calvert Station**
**P.O. Box 32041**
**Washington, DC 20007**

**http://www.irmep.org**
**info@irmep.org**
**Phone: 202-342-7325**
**Fax: 202-318-8009**




**03/19/2015**

Delores M. Nelson Information and Privacy Coordinator
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

**RE: US Intelligence Support to Israel Budget 1990-2015**

Dear Delores M. Nelson,

This is a request under the Freedom of Information Act. I request a copy of the intelligence budget that pertains to line items supporting Israel. In 1996 Congressional testimony by then-Director of Central Intelligence John Deutch that "the President is persuaded that disclosure of the annual amount appropriated for intelligence purposes will inform the public and not, in itself, harm intelligence activities." U.S. provides more foreign assistance to Israel than any other country, and this assistance is publicly disclosed in reports to Congress and U.S. taxpayers.[1] Elected officials claims the amount of aid the U.S. provides Israel in terms of intelligence services is enormous, however taxpayers have never seen the dollar amounts over time. Taxpayers also cannot assess if such assistance is affected by Israel's active ongoing penetration of the United States for defense, economic, diplomatic and political intelligence.

In order to help to determine my status as a requester please understand that I am affiliated with an educational, noncommercial research institution, and this request is made for a scholarly and news reporting purpose.

We do not, however, request waiver of duplication fees for this request even though disclosure of the requested information to IRmep is in the public interest and it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in my commercial interest. We will pay up to $50 for any duplication fees involved in the processing of this request.

Thank you for your consideration of this request.

Sincerely,

Grant F. Smith
Director of Research

[1] http://fas.org/sgp/crs/mideast/RL33222.pdf US Foreign Aid to Israel, Congressional Research Service, Jeremy M. Sharp 4/11/2014

# Exhibit 2

Central Intelligence Agency



Washington, D.C. 20505

15 April 2015

Mr. Grant F. Smith
Director of Research
Institute for Research: Middle Eastern Policy
Calvert Station
P.O. Box 32041
Washington, DC 20007

Reference: F-2015-01330

Dear Mr. Smith:

This is a final response to your 19 March 2015 Freedom of Information Act (FOIA) request, received in the office of the Information and Privacy Coordinator on 26 March 2015, for *a copy of the intelligence budget that pertains to line items supporting Israel for the years 1990 - 2015.* We have assigned your request the reference number above. Please use this number when corresponding so that we can identify it easily.

In accordance with section 3.6(a) of Executive Order 13526, the CIA can neither confirm nor deny the existence or nonexistence of records responsive to your request. The fact of the existence or nonexistence of requested records is currently and properly classified and is intelligence sources and methods information that is protected from disclosure by section 6 of the CIA Act of 1949, as amended, and section 102A(i)(l) of the National Security Act of 1947, as amended. Therefore, your request is denied pursuant to FOIA exemptions (b)(1) and (b)(3). I have enclosed an explanation of these exemptions for your reference and retention. As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this determination. You have the right to appeal this response to the Agency Release Panel, in my care, within 45 days from the date of this letter. Please include the basis of your appeal.

Sincerely,

Michael Lavergne

Michael Lavergne
Information and Privacy Coordinator

## Explanation of Exemptions

### Freedom of Information Act:

(b)(1) exempts from disclosure information currently and properly classified, pursuant to an Executive Order;

(b)(2) exempts from disclosure information, which pertains solely to the internal personnel rules and practices of the Agency;

(b)(3) exempts from disclosure information that another federal statute protects, provided that the other federal statute either requires that the matters be withheld, or establishes particular criteria for withholding or refers to particular types of matters to be withheld. The (b)(3) statutes upon which the CIA relies include, but are not limited to, the CIA Act of 1949;

(b)(4) exempts from disclosure trade secrets and commercial or financial information that is obtained from a person and that is privileged or confidential;

(b)(5) exempts from disclosure inter-and intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) exempts from disclosure information from personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy;

(b)(7) exempts from disclosure information compiled for law enforcement purposes to the extent that the production of the information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source or, in the case of information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; or (F) could reasonably be expected to endanger any individual's life or physical safety;

(b)(8) exempts from disclosure information contained in reports or related to examination, operating, or condition reports prepared by, or on behalf of, or for use of an agency responsible for regulating or supervising financial institutions; and

(b)(9) exempts from disclosure geological and geophysical information and data, including maps, concerning wells.

# Exhibit 3

**IRmep**
**Calvert Station**
**P.O. Box 32041**
**Washington, DC 20007**

**http://www.irmep.org**
**info@irmep.org**
**Phone: 202-342-7325**




Tuesday, May 5, 2015

Michael Lavergne
CIA Information and Policy Coordinator
Washington, DC 20505

RE: Appeal F-2015-01330 Intelligence support for Israel 1990-2015

Dear Michael Lavergne,

**This is an appeal of CIA's denial of our public-interest FOIA request for the above-referenced data.**

Director of Central Intelligence John Deutch in 1996 gave Congressional testimony stating that "the President is persuaded that disclosure of the annual amount appropriated for intelligence purposes will inform the public and not, in itself, harm intelligence activities." CIA, under this principle, has been compelled in federal court to release the types of records we seek.

Israel is the largest recipient of U.S. foreign aid, but the intelligence component is hidden from public view. Therefore, Americans, who in polls oppose U.S. aid to Israel[1], have no idea how much it actually is.

The CIA is no longer allowed to hide its budget within the Department of Defense budget. This has improved public visibility into how much value the agency provides for the billions of dollars allocated each year. The answer is usually "not much" as anyone familiar with the agency's record on covert action in Indonesia, the Bay of Pigs, non-prediction of the collapse of the Soviet Union, failure to prevent 9/11 and Iraq "slam dunk" weapons of mass destruction NIE can attest.

Americans have an equal right to measure how little intelligence aid sent to Israel provides in terms of U.S. national security and insight. As a nuclear weapons state, under the Symington and Glenn Amendments to the Foreign Aid Act of 1961, Israel is not even entitled to receive U.S. aid. Keeping the budget secret adds insult to their injury.

I therefore demand that you release this data under FOIA as required by law.

Sincerely,

Grant F. Smith, Director of Research

Cc: Barak Obama, President

Enclosure.

---

[1] Most Americans Say US Gives Too Much Aid to Israel
http://original.antiwar.com/smith-grant/2014/09/29/most-americans-say-us-gives-too-much-aid-to-israel/

# Exhibit 4

Central Intelligence Agency

Washington, D.C. 20505

15 May 2015

Mr. Grant F. Smith
Director of Research
Institute for Research Middle Eastern Policy
Calvert Station
P.O. Box 32041
Washington, DC 20007

Reference: F-2015-01330

Dear Mr. Smith:

On 12 May 2015, the office of the Information and Privacy Coordinator received your 5 May 2015 administrative appeal under the Freedom of Information Act (FOIA) for *a copy of the intelligence budget that pertains to line items supporting Israel for the years 1990-2015.* Please continue to use this case reference number so that we can more easily identify your FOIA administrative appeal.

You are appealing our initial-level determination to neither confirm nor deny you material responsive to your request. ***Your appeal has been accepted and arrangements are being made for its consideration by the Agency Release Panel.***

You will be advised of the panel's determination. In order to afford requesters the most equitable treatment possible, we have adopted the policy of handling appeals on a first-received, first-out basis. Despite our best efforts, however, the large number of public access requests CIA receives creates processing delays making it unlikely that we can respond to you within 20 working days. In view of this, some delay in our reply must be expected, but every reasonable effort will be made to respond as soon as possible.

Sincerely,

Michael Lavergne

Michael Lavergne
Information and Privacy Coordinator